UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>GREGORY HOWARD,<br>    Defendant. | CRIMINAL ACTION NO. 5:13-148-KKC<br><br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on Defendant Gregory Howard's motion to suppress (DE 26). Howard contests the validity of the search warrant used in this case on the grounds that it was not supported by probable cause and did not describe with particularity the things to be seized. For the following reasons, the defendant's motion will be denied.

I.

The search warrant in this case was procured on February 6, 2013 and from information obtained the day prior. It sought permission to search "[t]he residence owned or occupied by Greg Howard," which was "more particularly described as follows: Beginning at the Intersection of Old US 460 and Ky 1081 turn east onto Ky 1081 and travel approximately 0.2 miles to a Brick and tan vinyl sided home situated on the right side of the roadway. The property also contains a black covered trailer sitting in the front yard." (DE 26-2, at 3). The warrant also sought permission to search "Any and All Vehicles located on the property at the time of service whos [sic] owners or operators are at the residence for the purpose of narcotics trafficking." (DE 26-2, at 3). Finally, the warrant requested permission to seize various items that might be found on the residence relating to the suspected narcotics

trafficking. (DE 26-2, at 7). Among these items were "[c]urrency" and "[c]ontrolled substances." (DE 26-2, at 7).

The majority of Howard's motion focuses on whether Detective Skeens' affidavit supported a finding of probable cause. In particular, Howard argues that the information obtained from the known criminal informant Shawn Compton is inadequate because it is based on hearsay and "third party hearsay." Skeens' affidavit states that he received information from Shawn Compton indicating that the defendant's cousin, Brian Howard, "was currently conducting narcotics deliveries for a variety of addicts in Magoffin Co[.]" (DE 26-2, at 4). According to Compton, "Brian Howard [was] receiving the narcotics from [Defendant] Greg Howard . . . at the location described herein and the photo attached hereto." (DE 26-2, at 4). The affidavit then goes on to describe the specific way in which Gregory Howard engages in his drug trafficking by using his cousin Brian as a deliveryman:

> [Compton] states that Brian Howard does not have a vehicle and usually borrows the purchasers [sic] vehicle and drives to the residence described herein to pick up the pills for the addicts while leaving the addicts at Brians [sic] home located on coon creek.

With this information from Compton in hand, Skeens' affidavit next states that they decided to conduct a controlled purchase from Brian Howard:

> [Compton] stated they arrived at the residence of Brian Howard on Coon Creek and Brian Howard took the witnesses [sic] money and vehicle and began pulling out of the driveway and stopped, Brian exited the vehicle and told the witness that Greg Howard had just contacted him and told him to wait 15 minutes before leaving coon creek to come get the pills.
>
> Durring [sic] the buy the witness stated that Brian Howard went to the residence of Greg Howard described herein to purchase a quantity of Oxycodone pills for the witness.

2

> Detectives also personally observed the witnesses [sic] vehicle leaving the residence described herein.
>
> The witness stated that when Brian returned with the pills that was purchased that Brian Howard told the witness that he went to purchase the pills from Greg Howard and further told the witness that Greg Howard was currently laying low because he was scared of getting caught by Law Enforcement.

(DE 26-2, at 4).

Finally, Detective Skeens provided one additional piece of independent investigatory evidence. Officers from the Operation UNITE Drug Task Force and Kentucky State Police had received "tips about Greg Howard and his Oxycodone trafficking activities that has [sic] been directly linked to Howards Grocery located in Magoffin County." (DE 26-2, at 5). These officers conducted several controlled buys from the store—not the residence described by the search warrant. (DE 26-2, at 5).

## II.

Howard's motion to suppress centers on two arguments: first, that this affidavit cannot support probable cause because it based on "hearsay" and "third party hearsay." Second, that it was invalid due to its failure to list with particularity the items to be seized. Both of these arguments are in error.

Where an affidavit is challenged on the basis that there was no probable cause, the court reviews the affidavit to determine whether the issuing judge "had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1999)). Probable cause exists "when there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *Id.* at 479 (quoting

*Davidson*, 936 F.2d at 859). Importantly, a state-court judge's probable-cause determination is entitled to "great deference," *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006), and courts consider the totality of the circumstances when making the decision, rather than engaging in "line-by-line scrutiny" of an affidavit. *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006).

Although Howard couches his argument in terms of "hearsay," the Court construes his argument as going toward the reliability of the named informant. The exclusion of hearsay is an evidentiary rule with no application to the procurement of a search warrant. But at the heart of Howard's argument is the contention that the named informant in this case—Shawn Compton—did not have personal knowledge of the relevant facts and his information was therefore unreliable.

"Statements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officials tend to ensure reliability." *United States v. Hodge*, 714 F.3d 380, 384–85 (6th Cir. 2013). "[N]amed informants, unlike confidential informants, require little corroboration." *United States v. Williams*, 544 F.3d 683, 690 (6th Cir. 2008). In this case, Compton was a named informant and his statements are therefore generally considered to be reliable even without independent corroboration to establish his credibility. To the extent that Howard argues otherwise, his argument is in error.

Moreover, it is simply incorrect that Compton only passed on information to which he had no personal knowledge. After Compton provided a detailed explanation as to how the drug transactions with Brian and Gregory Howard occurred, the officers arranged for a controlled buy that mirrored exactly what Compton has said. Compton arrived at the residence of Brian Howard and then handed him cash to purchase the drugs. Brian Howard

4

informed Compton that he was taking Compton's car to Gregory Howard where he would retrieve the drugs and bring them back. Compton's car was then observed leaving Gregory Howard's residence, and Brian Howard returned to Compton with the oxycodone. Thus, regardless of whether Compton had actually been inside of Gregory Howard's residence—which of course would make the evidence even stronger—Compton's statements combined with the observations during the controlled purchase create sufficient grounds for probable cause.

As a final note on this issue, the Court would agree with Howard that the officer's independent investigative work where they observed several controlled transactions at Gregory's Howard's grocery store is of limited value. While it adds reason to believe that Gregory Howard is engaged in drug trafficking, the fact that these other controlled purchases were at the grocery store greatly diminishes their value in assessing the search warrant targeting the residence. That being said, the statements by known informant Shawn Compton along with the evidence gathered from the controlled purchase gave sufficient grounds to support a finding of probable cause that evidence of drug trafficking would be located in Gregory Howard's residence.

With regard to Howard's second argument that the warrant failed to particularize the items seized, Howard fails to present the court with any law that would support a finding that the warrant was invalid on this issue. "[T]he warrant must enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." *United States v. Gardiner*, 463 F.3d 445, 471 (6th Cir. 2006) (internal quotations omitted). "The degree of specificity required depends on the crime involved and the types of items sought." *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991). "If the purpose of the warrant is to seize illicit property or contraband, however, a general reference is

permissible." *United States v. Campbell*, 256 F.3d 381, 389 (6th Cir. 2001) (overruled on other grounds). As described above, an exhibit attached to the search warrant listed several items sought, which included both controlled substances and currency. (DE 26-2, at 7). Howard contends that this is mere a "laundry list of items" (DE 33, at 3), but does not explain how the exhibit would fail to "enable the searcher to reasonably ascertain and identify the things which are authorized to be seized." *Gardiner*, 463 F.3d at 471. "Because of the very nature of contraband drugs and any drug-trafficking operation, a warrant cannot be expected to identify exactly the weights or quantities of controlled substances and paraphernalia that might be found in a private dwelling." *United States v. Lengen*, 245 Fed. App'x 426, 432 (6th Cir. 2007). The warrant in this case sought particular items that would be evidence of the suspected drug trafficking, items on that list were seized, and Howard's motion to suppress based on the failure to particularize these items will be denied.

\* \* \*

Accordingly, and for the above-stated reasons, Defendant Gregory Howard's motion to suppress evidence (DE 26) will be **DENIED** and his corresponding motion for an extension of time (DE 23) will be **DENIED AS MOOT**.

Dated this 26th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY